SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------x
BNB BANK NATIONAL ASSOCIATION
f/k/a BROADWAY NATIONAL BANK,

SEC 34

BLOCK 112

LOT 39-42

                                Plaintiff,

    -against-

OAK STREET BOSWELL'S OF MITCHELL FIELD INC.,
GORDON YEO a/k/a GORDON S. YEO, SUSAN YEO
a/k/a SUSAN J. YEO, JUSTIN HAI JIN YEO,
"JOHN DOE NO. I" to "JOHN DOE NO. XXX,"
inclusive, the last thirty names being
fictitious and unknown to plaintiff, the
persons or parties intended being the
tenants, occupants, persons or corporations,
if any, having or claiming an interest in
or lien upon the premises described in the
complaint,

                                Defendants.
------------------------------------------x

SUMMONS MORTGAGE
FORECLOSURE

Index No. 8632/08

Date Purchased 5/9/08

PLAINTIFF DESIGNATES
NASSAU COUNTY
AS PLACE OF TRIAL

Plaintiff's Address
250 Fifth Avenue
New York, NY

Property Address: 621 Chestnut Street, Garden City, NY

TO EACH OF THE ABOVE-NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the verified complaint in this action, and to serve a copy of your answer, or, if the verified complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service (or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear, or answer,

judgment will be taken against you by default, for the relief demanded in the verified complaint.

DATED: May 5, 2008
       Garden City, NY

                              Yours, etc.

                              JASPAN SCHLESINGER HOFFMAN LLP

                     By: _____
                             Antonia M. Donohue, Esq.
                             Attorneys for Plaintiff
                             300 Garden City Plaza, 5TH Floor
                             Garden City, New York 11530
                             (516) 393-8217

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------x
BNB BANK NATIONAL ASSOCIATION
f/k/a BROADWAY NATIONAL BANK,                    Index No.

SEC 34                          Plaintiff,
BLOCK 112                                        MORTGAGE
                  -against-                      FORECLOSURE
                                                 ACTION
LOT 39-42
OAK STREET BOSWELL'S OF MITCHELL FIELD INC.,     VERIFIED COMPLAINT
GORDON YEO a/k/a GORDON S. YEO, SUSAN YEO
a/k/a SUSAN J. YEO, JUSTIN HAI JIN YEO,
"JOHN DOE NO. I" to "JOHN DOE NO. XXX,"
inclusive, the last thirty names being
fictitious and unknown to plaintiff, the
persons or parties intended being the
tenants, occupants, persons or corporations,
if any, having or claiming an interest in
or lien upon the premises described in the
complaint,

                          Defendants.
----------------------------------------x

   1.   Plaintiff is a banking corporation organized and existing under the laws of the United States.

   2.   Upon information and belief, defendant Oak St. Boswell's of Mitchell Field Inc. is a corporation organized and existing under the laws of the State of New York.

   3.   Plaintiff is the owner and holder of a note ("Note") dated January 4, 2006 made by Oak St. Boswell's of Mitchell Field Inc. ("Obligor") in the original principal amount of $1,440,000.00.  A copy of the Note is annexed hereto as Exhibit A.

   4.   The Note is guaranteed by <u>inter alia</u>, Gordon Yeo a/k/a Gordon S. Yeo, Susan Yeo a/k/a Susan J. Yeo, Justin Hai Jin Yeo

pursuant to Unconditional Guarantees dated January 4, 2006. Copies of the Guarantees are annexed hereto as Exhibit B.

5. The Guarantee of Gordon Yeo and Susan Yeo is secured by a Mortgage on real property as follows:

| | | |
|---|---|---|
| Mortgagor | : | Gordon S. Yeo and Susan J. Yeo |
| Mortgagee | : | Broadway National Bank |
| Amount | : | $1,440,000.00 |
| Dated | : | January 4, 2006 |
| Recorded | : | January 25, 2006 |
| Liber | : | 3007 |
| Page | : | 839 |

A copy of the Mortgage and Note are annexed hereto as Exhibit C.

6. All mortgage tax which was due with respect to the foregoing Mortgage was duly paid.

7. The Note is secured by a Mortgage on real property located at: 621 Chestnut Street, Garden City, NY (hereinafter "Property"). The metes and bounds description of the Property is annexed hereto as Exhibit D.

8. The Note and/or Mortgage provide among other things:

(a) that the total indebtedness shall become due and payable at the option of the holder of the Mortgage after default in paying any installment of principal and interest including any monthly installments, and escrow payments for insurance, taxes, utilities or assessments and deposits;

(b) in any action to foreclose the holder shall be entitled to the appointment of a receiver without notice or regard to value;

(c) in case of sale, said premises may be sold in one parcel;

(d) mortgagor will pay a "late charge" on any installment when paid more than ten days after the due date thereof;

(e) the holder of said Mortgage shall be entitled to legal expenses, costs and fees;

(f) in the event of default by the mortgagor the interest rate shall be increased to the highest rate allowed by law;

9. The defendants have defaulted by failing to timely pay each and every installment of principal and interest which became due and payable on the date mentioned below and continuously thereafter and said amounts remain unpaid and in default and all grace periods allowed in the Mortgage have passed and no payments have been received.

First Default Date: January 1, 2008

10. By reason of the above named default, plaintiff has elected that the entire principal sum and all amounts due shall be immediately due and payable in full.

11. As of the date hereof, (unless a different date is indicated) there is due the plaintiff upon said Note and Mortgage the following:

Principal balance         :    $1,440,000.00

| | | |
|---|---|---|
| Interest rate | : | 6.75% |
| Interest due from | : | December 1, 2007 |
| Late charges due as of April 15, 2008 | : | 2,682.16 |

Obligor shall also pay any prepayment, recapture and other fees as set forth in the Note.

12. Plaintiff has not and shall not be deemed to have waived, altered, released or changed the election to accelerate the full debt by reason of any payment after the date of the commencement of this action or any or all of the defaults mentioned herein and such election shall continue and remain effective until the costs and disbursements of this action and all sums due on the Notes and Mortgages are fully paid.

13. The plaintiff is entitled to recover reasonable attorneys' fees in accordance with the Mortgage.

14. The Guarantors are made party defendants, because they have guarantied payment of the Note and Mortgage pursuant to a Guaranty Agreement dated January 4, 2006, copies of which is annexed hereto as Exhibit B. They are made (a) parties hereto to have and make them bound by the proceedings herein so as to permit the assessment of any deficiency further in the amount not recovered by plaintiff herein by sale of the Property in this action without the need for separate action.

15. No proceedings have been had at law or otherwise before any court or judge for the relief sought herein based on the stated default.

16. The above named defendants had, now have or claim to have or had some interest in, or lien upon, the said mortgaged premises or some parts thereof, which interest or liens, if any, accrued subsequent to the lien of plaintiff's Mortgage or was in express terms made subject thereto and are subordinate to the lien of plaintiff's Mortgage.

Plaintiff, therefore, demands judgment: (a) that the defendants and all persons claiming under them, be barred and foreclosed of all right, claim, lien and equity of redemption in the said mortgaged premises and the fixtures and articles of personalty attached to or used in connection with said premises upon which said mortgage is a lien, to the right of the United States of America to redeem as stated by law following the date of sale if applicable; (b) that said premises should be decreed to be sold; (i) in one parcel according to law together with the fixtures and articles of personalty upon premises; (ii) subject to zoning restrictions and ordinances adopted by any municipality or other governmental authority, and violations thereof; (iii) subject to any state of facts that an accurate survey would show; (iv) subject to covenants and restrictions of record, if any; (v) subject to violations, if any, noted by any federal, state, city, town or village agency having authority over the premises; and (c) that the moneys arising from the sale be deposited subject to the order and jurisdiction of this court and the plaintiff be paid (i) the amount due on the Note and Mortgage; (ii) with interest to the time of such payment; (iii) plus reasonable attorneys' fees; and (iv) the amounts, if any,

advanced and paid by the plaintiff since the commencement of this action for taxes, water rates and assessments, insurance premiums; and (v) sums, paid for repairs or to protect the mortgaged premises; and (vi) the legal fees, costs and expenses of this action and the expenses of the sale, so far as the amount of such moneys properly applicable thereto will pay the same; and (d) that the Obligor and Guarantors jointly and severally be adjudged to pay any deficiency which may be fixed, determined and allowed by the court on application to this court for same following sale of the Property and crediting of the sale proceeds and (e) that the plaintiff have such other and further relief in the premises as shall be just and equitable.

Dated: May 5, 2008
      Garden City, NY

*Antonia M Donohue*
ANTONIA M. DONOHUE
JASPAN SCHLESINGER HOFFMAN LLP
Attorneys for Plaintiff
BNB BANK NATIONAL ASSOCIATION
f/k/a BROADWAY NATIONAL BANK
300 Garden City Plaza, 5th Floor
Garden City, New York 11530
(516) 393-8217

**ATTORNEY VERIFICATION**

STATE OF NEW YORK   )
                               ) ss.:
COUNTY OF NASSAU    )

ANTONIA M. DONOHUE, being duly sworn, deposes and states as follows:

I am a member of Jaspan Schlesinger Hoffman LLP, attorneys for the plaintiff in the above entitled action with offices located at 300 Garden City Plaza, 5th Floor, Garden City, New York, County of Nassau, State of New York; that I have read the foregoing complaint and know the contents thereof; that the same is true to my knowledge, except as to the matters stated to be alleged upon information and belief, and that as to those matters I believe them to be true. That the reason why this verification is made by deponent instead of the plaintiff is because the plaintiff is not within the county of Nassau, which is the county where deponent has her office. Deponent further states that the grounds of her belief as to all matters in the complaint not stated to be upon knowledge are based upon a review of correspondence between the parties and other writings relevant to this action.

Dated: May 5, 2008
       Garden City, NY

                                                          */s/ Antonia M. Donohue*
                                                          ANTONIA M. DONOHUE

Exhibit A